In general, if no place for the payment of money be specified in a contract, the party who is to make the payment must seek the other party, if within the state; and a tender at the residence of the latter during his absence will not avail. But where the contract was for the sale of lands, specifying a day for the payment of the purchase. money, but no place, and on enquiry by the vendee, the vendor said she would be at home upon the day fixed; held, that a tender &c. at her residence on that day, to her son living with her, she having absented herself, was good. In the principal case, what took place between the parties at their interview previous to the day fixed for payment, (25 Wend. 405,) might justly have been treated as equivalent to an agreement that the vendor’s residence should be the place of performance; in which view, a tender or readiness there was clearly enough. (See Franchot v. Leach, 5 Cowen's Rep. 506. Wyman v. Winslow, 2 Fairf. Rep. 398. Robinson v. Bachelder, 4 N. Ramp. Rep. 40.) Perhaps, moreover, the circumstances were such as to authorize a submission *352 of the cause to the, jury, on the question whether the vendor, by her declarations and conduct, had not intentionally misled the vendee in respect to the place where she expected to be on the day appointed for performance, in order that thus she might evade a tender; and in that case also, it would seem, there was no error at the circuit calling for a new trial. (See Borden v. Borden, 5 Mass. Rep. 67. Frazier v. Cushman, 12 id. 277, 279. Gilmore y. Holt, 4 Pick. 258.)
The doctrine advanced in 6 Bacon’s Abridg. 450, referred to by the Chief Justice, rests mainly upon the case of Manning v. Burges, (1 Ch. Cas. 29 ;) the report of which is as follows: “ A mortgage was forfeited; the mortgagor afterward meeting the mortgagee said, I have moneys—now I will come and redeem the moitgage. The mortgagee said to him, he would hold the mortgaged premises as long as he could; and then, when he could hold them no longer, let the devil take them if he would. And afterwards the mortgagor went to the mortgagee’s house with money more than sufficient to redeem the mortgage, and tendered it there; but it did not appear that the mortgagee was within, or that the tender was made to him: And it was decreed a redemption, and the defendant to have no interest from the time of the tender, because of his wilfulness.”
The only other case cited by Bacon is Gyles v. Hall, (2 P. Wms. 378,) which furnishes nothing beyond a dictum, and, like Manning v. Burges, is obviously to be understood in reference to the peculiar circumstances. Both of these cases are referred to in 3 Powell on Mortgages, 939, 940, a, Am. ed. of 1838, and neither of them is there treated as at all affecting the general rule requiring a personal tender. On the contrary, it is there laid down without qualification, that “ the money being a sum in gross, and collateral to the title of the land, the mortgagor must tender it to the person of the mortgagee,, and it is not sufficient to tender it upon the land.” (See also id. note (u); 2 Eq. Cas. Abr. 603; Coote on Mart. 13; 5 Dane's Abr. 498, ch. 170, a, 6; Brooke’s Abr. “ Tender,” pl. 17, 18.)